city to obey the alternative writ, and not put plaintiff to the expense or delay of a peremptory writ; but if it fails to do so, like any other debtor it can only be compelled by the ordinary course of legal process to discharge the duty. The application for a special levy is denied, and the peremptory writ will issue, commanding the city to levy a tax to pay this judgment at its regular levy, and that it make such levy on or before the 15th day of next July, and certify the said levy to the proper officers for collection as required by law, and that said writ be returnable to the next November term of this court thereafter.

We have taken this occasion to define and regulate the practice which will govern us hereafter in the ordinary course of business in cases like this, with the reservation that the discretion of the court will be exercised to accommodate the remedy to the exigencies of any extraordinary case which may arise, according to the rights of the parties and the justice of the case.

Rule is now, in the first instance, to show cause why peremptory mandamus shall not issue; so made because of the indisposition of parties to make levies.

---

## Case No. 17,904.

### WISDOM v. WILLIAMS et al.

[Hempst. 460.][1]

Circuit Court, D. Arkansas. April, 1846.

PLEA PUIS DARREIN CONTINUANCE.

A plea puis darrein continuance, admits the plaintiff's cause of action, displaces all previous pleas and defenses, and the defendant must stand on that alone.

[This was an action of debt by William S. Wisdom against John W. Williams and Hugh A. Blevins.]

A. Fowler, for plaintiff.
Daniel Ringo and F. W. Trapnall, for defendants.

PER CURIAM (JOHNSON, District Judge). A plea puis darrein continuance admits the plaintiff's cause of action, and even if the plea is established still the plaintiff is entitled to costs. It has the effect of displacing all other pleas and previous defences, and the party is obliged to stand on that alone. 10 Wend. 679; 1 Chit. Pl. 441; [Bank of U. S. v. Carneal] 2 Pet. [27 U. S.] 548; Stephen, Pl. 81, 83; [Wallace v. M'Connell] 13 Pet. [38 U. S.] 152; Story, Pl. 53, 54. By operation of law the previous pleas are considered as stricken from the record, and every thing is confessed except the matter contested by the plea puis darrein continuance.

---

WISE (ALEXANDRIA v.). See Case No. 187.

---

[1] [Reported by Samuel H. Hempstead, Esq.]

## Case No. 17,905.

### WISE v. BOWEN.

[2 Cranch, C. C. 239.] [1]

Circuit Court, District of Columbia. April Term, 1821.

COMPETENCY OF WITNESS — INTEREST — OFFICER JUSTIFYING UNDER EXECUTION.

The defendant in replevin, who justifies under an execution directed to him as a constable, if indemnified by the plaintiff in the execution, and having no other interest than the possibility of receiving commissions and fees upon an execution which may be issued again in the same cause, is a competent witness for the defendant.

[Cited in Dixon v. Waters, Case No. 3,936; Hilton v. Beck, Id. 6,509.]

Replevin. The defendant pleads property in one Bellmyer, and justifies the taking, as constable, under an execution, to him directed, in the cause of Holtzman v. Bellmyer [unreported]. Holtzman, the real defendant, had indemnified the defendant Bowen, who, upon voir dire, stated that he was indemnified by Holtzman, and did not think himself interested, unless to the amount of his fees on an execution which might be issued in the case of Holtzman v. Bellmyer, in case the property should be found to be in Bellmyer.

THE COURT (CRANCH, Chief Judge, doubting) thought this interest too remote, and permitted the defendant to be sworn as a witness.

---

## Case No. 17,906.

### WISE v. DECKER.

[1 Cranch, C. C. 171.] [1]

Circuit Court, District of Columbia. June Term, 1804.

ASSUMPSIT FOR RENT.

Assumpsit will not lie at common law on a parol demise. The statute 11 Geo. II. c. 19, is not in force in Virginia.

Assumpsit for rent, on a parol demise. Demurrer to 1st count.

Mr. Taylor and Mr. Jones, for defendant. Assumpsit will not lie at common law for rent on a demise. 11 Geo. II. c. 19; Esp. N. P. 20; 4 Bac. Abr. 366; Chapman v. Southwicke, 1 Lev. 204; Johnson v. May, 3 Lev. 150; Dartnal v. Morgan, Cro. Jac. 598; Clerk v. Palady, Cro. Eliz. 859; 2 Bl. Comm. 41; Co. Litt. 141 (6). There must be a special and collateral promise. Reade v. Johnson, Cro. Eliz. 242; Symcock v. Payn, Id. 786; Slack v. Bowsal, Cro. Jac. 668; Brett v. Read, Cro. Car. 343; Acton v. Symon, Id. 414; Ashbrooke v. Snape, Cro. Eliz. 240.

The statute 11 Geo. II. was made to remedy this inconvenience; but that statute is not of force in Virginia.

Mr. Young, for plaintiff, cited Dartnal v.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Morgan, Cro. Jac. 598; 4 Bac. Abr. 366; Hunt v. Sone, Cro. Eliz. 118.

The count was adjudged bad by THE COURT, nem. con.

[See Case No 17,907.]

## Case No. 17,907.

### WISE v. DECKER.

[1 Cranch, C. C. 190.] [1]

Circuit Court, District of Columbia. Nov. Term, 1804.

USE AND OCCUPATION — SUBSTITUTED PLAINTIFF.

1. In Virginia an action for use and occupation will lie although there be a parol demise for a time and rent certain, if it be waived, and a promise to pay for the time occupied.

2. The writ is not abated by substituting the assignee as plaintiff in place of the bankrupt.

Assumpsit, for use and occupation. Plea in abatement, for variance between the writ and the amended declaration. General demurrer and joinder. The writ was sued out before the bankruptcy of McCrea. After the assignee was appointed he was admitted plaintiff, under the 13th section of the bankrupt law. The general demurrer to the plea was adjudged good, and respondeas ouster awarded. Plea, non assumpsit, and issue.

Mr. Taylor, for defendant, prayed the court to instruct the jury that if, from the evidence, they should be of opinion that the agreement was for a year certain, at a certain price, the plaintiff was not entitled to recover on either of the counts.

THE COURT instructed the jury that, if they should be of opinion, from the evidence, that there was such an agreement, but that it was afterwards waived, and that the defendant promised to pay for the time he occupied, then the evidence would support the counts.

[See Case No. 17,906.]

## Case No. 17,908.

### WISE v. GEIGER.

[1 Cranch, C. C. 92.] [1]

Circuit Court, District of Columbia. April Term, 1802.

DEFECTIVE AWARD.

An award may be good in part and void in part.

Debt on an Award.

Mr. C. Lee, for the defendant, objected that the award was not complete, in this, that it does not ascertain how the outstanding debts due to the partnership shall be valued; it says only that they shall be divided equally, value and value alike. Kyd, Awards, 83, 88.

Mr. Simms, for plaintiff. An award may be good for part, and void for part. Independent

of the provisions respecting those debts, they have awarded the sum of four hundred dollars to be due by the defendant to the plaintiff; and for this sum the action is brought. 1 Bac. Abr. 142; Fox v. Smith, 2 Wils. 267b; Addison v. Gray, Id. 293; Wills v. Maccarmick, Id. 148.

THE COURT were of opinion that the award was good as to the part upon which the suit was brought, it being an independent matter.

## Case No. 17,909.

### WISE v. GETTY.

[3 Cranch, C. C. 292.] [1]

Circuit Court, District of Columbia. May Term, 1828.

SUIT BY ADMINISTRATOR — PLEADING AND PROOF.

In an action by an administrator, upon the trial of the issue of non assumpsit, the plaintiff need not produce his letters of administration.

Assumpsit on a promissory note to the intestate. Plea, non assumpsit and issue.

On the trial the defendant's counsel (Mr. Marbury) called for the plaintiff's letters of administration.

Mr. R. S. Coxe, for plaintiff, cited Starkie, pt. 4, pp. 547, 548.

THE COURT said, that the representative character of the plaintiff is not in issue, and the plaintiff need not prove it.

## Case No. 17,910.

### WISE v. GROVERMAN.

[1 Cranch, C. C. 418.] [1]

Circuit Court, District of Columbia. July Term, 1807.

RIGHT TO CONTINUANCE.

If, after a plea of nil debet, by the appearance-bail, the principal comes in and gives special bail, and pleads the same plea, the plaintiff is entitled to a continuance of course.

There had been a plea of "owe nothing," by the appearance-bail and issue. The principal defendant now came in, and gave special bail, and pleaded the same plea, "owe nothing."

Mr. Jones, for plaintiff, contended for a continuance, as a matter of course.

Mr. Youngs, for defendant, cited the case of Alexander v. Patten [Case No. 171], where the court refused a continuance to the defendant, on account of the appearance of the administrator of the plaintiff.

But THE COURT thought the plaintiff entitled to a continuance of course, in the same manner as on setting aside a writ of inquiry, it being the default of the defendant that he did not appear before. Continued.

DUCKETT, Circuit Judge, absent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]